**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 19-1473 & 19-2674

| | |
|---|---|
| JOSEPH C. ZIEGLER, JR., | Appeals from the United |
| *Plaintiff-Appellant*, | States District Court for |
| | the Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| ALLSTATE INSURANCE COMPANY, | No. 16 CV 869 |
| ALLSTATE FINANCIAL SERVICES, | |
| and BILL McGRATH, | Manish S. Shah, |
| *Defendants-Appellees.* | *Judge*. |

## O R D E R

After Allstate Insurance Company ended Joseph Ziegler's contract as an exclusive sales agent, he sued Allstate and related parties for racial discrimination and state-law violations. Allstate counterclaimed for breach of contract and misappropriation of trade secrets. The district judge entered summary judgment in

---

[*]We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Allstate's favor on its breach-of-contract claim and on all of Ziegler's claims. Allstate's misappropriation claim proceeded to a jury trial, and the jury found in favor of Allstate. Ziegler raises two issues on appeal: whether the judge properly denied his motion to reconsider the summary-judgment decision (filed by his counsel) and permissibly denied his posttrial motion for judgment as a matter of law (filed pro se). Because both rulings were proper, we affirm.

Ziegler, who is black, worked under contract to promote and sell Allstate products. In 2015 his white male supervisor asked to attend a meeting of black Allstate agents. Ziegler, the leader of the group, declined his request. Around that time one of Ziegler's employees complained to Allstate that Ziegler asked her to perform sales work that she was not licensed to do. Allstate investigated the matter and terminated its relationship with Ziegler.

Ziegler's contract required that at the end of his relationship with Allstate, he must return Allstate's client information and trade secrets, transfer phone numbers, and not sell competing insurance products within a mile of his office for one year. The contract permitted Allstate to seek an injunction if Ziegler failed to meet these obligations and also entitled Allstate to attorney's fees if it prevailed on claims for an injunction or breach of contract.

Ziegler responded to the contract termination by suing Allstate for racial discrimination and retaliation in violation of Title VII. He claimed that Allstate ended its relationship with him because he refused to allow the supervisor to attend the meeting of black agents. Ziegler later amended his complaint to add several state-law claims. Allstate counterclaimed for breach of contract and misappropriation of trade secrets, alleging that Ziegler refused to return its property and sold competing products from his office. Allstate sought and received injunctive relief regarding the return of its property.

Allstate eventually moved for summary judgment, arguing that it lawfully ended the at-will contract because Ziegler used an unlicensed employee to sell products. Ziegler failed to dispute key facts as required by Local Rule 56.1(b)(3)— notably, Allstate's evidence regarding its reason for ending the contract. Relying on Ziegler's failure to dispute those facts, the judge entered summary judgment for Allstate on Ziegler's claims. On Allstate's counterclaim for breach of contract, the judge entered summary judgment on liability and reserved for trial the question of damages. Ziegler moved for reconsideration on some aspects of the summary-judgment decision.

Reasoning that Ziegler failed to identify any error of fact or law, the judge denied the motion.

Allstate decided not to seek compensatory damages on the contract or trade-secret claims but instead sought only recovery of attorney's fees and costs. So the sole issue for trial was whether Ziegler had willfully and maliciously misappropriated Allstate's trade secrets. *See* 765 ILL. COMP. STAT. 1065/5. The jury found for Allstate. The parties had stipulated before trial that the judge would determine the appropriate attorney's fees and costs postverdict, so Allstate then petitioned for fees and costs. Ziegler, acting pro se, responded with a "Motion to Dismiss" Allstate's counterclaims under Rule 50(b) of the Federal Rules of Civil Procedure, arguing that Allstate did not present evidence of damages to the jury. The judge denied the motion because Ziegler never moved for a directed verdict at trial and he had stipulated that the judge would decide damages, which were limited to attorney's fees and costs. The judge entered judgment for Allstate in the amount of $188,817.23.

Ziegler argues on appeal that the judge should have granted his motion to reconsider the summary-judgment ruling. But the judge reasonably denied the motion. *See Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018); FED. R. CIV. P. 59(e). Ziegler needed to identify a "manifest error of fact or law" in the summary-judgment ruling. *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). He did not. Instead, Ziegler largely restated the arguments he had made in opposition to summary judgment, and the judge was not obliged to consider them anew. *See id.* Ziegler now contends that the judge erred by failing to recognize that he disputed Allstate's assertion that it ended his contract because he had used an unlicensed agent. But he failed to submit evidence supporting his position on that issue, so the judge was entitled to deem Allstate's evidentiary submission undisputed. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005).

Ziegler also argues that the judge erred by rejecting his Rule 50(b) motion for judgment as a matter of law, but the judge correctly denied the motion. As the judge observed, Ziegler did not seek judgment as a matter of law during trial under Rule 50(a), which is a prerequisite for filing a posttrial Rule 50(b) motion. *Id.* In any case, Ziegler had stipulated (through his counsel) that the judge, and not the jury, would decide damages.

AFFIRMED